IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-02742-WYD

JUDY A. COLLINS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER**

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's claim for supplemental security income payments.  For the reasons stated below, this case is affirmed.

I.    <u>INTRODUCTION AND BACKGROUND</u>

Plaintiff protectively applied for supplemental security income ["SSI"] in July 2009, alleging disability beginning on January 8, 2009.  (Transcript ["Tr."] 119.)  Her application was denied (*id.* 57), and she requested a hearing before an ALJ.  (*Id.* 75).  A hearing was held on July 16, 2010, at which Plaintiff, her attorney, and a vocational expert appeared.  (*Id.* 26-54).

On July 22, 2010, the ALJ issued a decision finding Plaintiff not disabled (Tr. 17-25).  Specifically, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since July 24, 2009, her application date.  (Tr. 19).  At step two, the ALJ

found Plaintiff's depressive disorder was a severe impairment. (*Id.*)  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or equaled an impairment listed at 20 C.F.R., pt. 404, subpt. P, app. 1.  (*Id.* 13-14).

The ALJ then turned to Plaintiff's residual functional capacity ["RFC"].  He determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: "routine and repetitive, entry-level, minimally stressful work, requiring no contact with the general public and only superficial interpersonal contact with coworkers and supervisors." (Tr. 20.)  He also determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the" RFC.  (*Id.* 23.)

Based on the RFC assessment, the ALJ found at step four that Plaintiff could not perform her past relevant work.  (Tr. 24.)  At step five, the ALJ found based on the vocational expert's testimony that Plaintiff could do other work that exists in the national economy in significant numbers, and was therefore not disabled within the meaning of the Act.  (*Id.* 24-25).

Plaintiff requested review by the Appeals Council.  On August 22, 2011, the Appeals Council denied Plaintiff's request for review.  (Tr. 3-8.)  In doing so, the Council noted that it considered the additional information submitted to it, but found it did not provide a basis for changing the ALJ's decision.  (*Id.*)  Plaintiff timely requested judicial review, and this appeal followed.

Plaintiff asserts that the ALJ failed to provide legally sufficient reasons to reject the medical evidence and testimony of Plaintiff which was consistent with the medical records. More specifically, she claims that the ALJ improperly assessed her subjective symptom testimony in assessing her RFC in that he did not follow the two-step process required by law to assess Plaintiff's pain and subjective symptoms. Accordingly, she asserts that the case should be remanded due to application of incorrect legal standards by the ALJ and because the ALJ's conclusions are not supported by specific evidence. I address Plaintiff's arguments below.

II.   ANALYSIS

   A.   Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for

reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

      B.    <u>Whether the ALJ's Credibility Decision Is Supported by Substantial Evidence</u>

Plaintiff argues that the ALJ failed to properly evaluate her testimony. She notes in that regard that where the record supports the existence of a medical condition that is reasonably likely to produce the subjective symptom, and no evidence of malingering exists, the Commissioner has the burden of articulating reasons for rejecting the claimant's testimony regarding her subjective symptoms. In this case, Plaintiff argues that the ALJ failed to articulate any rationale sufficient to demonstrate Plaintiff was anything other than credible. Indeed, she contends that his decision is void of any rationale as to why the ALJ ignored and disregarded her testimony.

Turning to my analysis, "[c]redibility determinations are peculiarly the province of the finder of fact" and the court "will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Id.* (quotations omitted). The findings must enable the court to be able to determine the weight the ALJ gave to the claimant's statements and the reasons for that weight. SSR 96-7p, 1996 WL 347186 (July 2, 1996).

When a claimant complains of pain or other subjective symptoms, the Social Security Administration requires that these symptoms be evaluated under a two-step

analysis. SSR 96-7p, 1996 WL 374186, at 2 (July 2, 1996); *see also* 20 C.F.R. § 404.1529. In this two-step analysis, the Commissioner must first determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. SSR 96-7p, 1996 WL 374186, at 2. The ALJ found that Plaintiff satisfied the first step. (Tr. 23.) In the second step, the Commissioner must evaluate "the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *Id*. In so doing, the ALJ must consider all the evidence, both objective and subjective. *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992).

In the case at hand, the ALJ found at the second step that Plaintiff's "statements concerning the intensity, persistence, and limiting effects" of the complained of symptoms are not fully credible to the extent they are inconsistent with the" RFC. (Tr. 23.) He also stated that Plaintiff's "complaints and assertions were exaggerated, were not credible. . . ." (*Id.*) These statements allow me to determine the weight the ALJ gave to Plaintiff's statements; however, I must determine if the ALJ gave adequate reasons for that weight.

Plaintiff argues that the ALJ relied on the lack of objective medical evidence in the record to substantiate her complaints of pain, and argues that the ALJ did not properly consider her testimony and subjective complaints of symptoms. While I agree that the ALJ relied heavily on the lack of objective medical evidence in the record (*see* Tr. 21-23), this is not all that he relied on. The ALJ discussed Plaintiff's testimony and

noted, among other things, that she "alleged that she lies down all day, that her knees get red and swollen", "that she has gastrointestinal pain", that she "has severe depression. . . . and complains of suicidal ideation". (Tr. 23.)

The ALJ then proceeded to a discussion of the pertinent factors required to be analyzed at the second step. In addition to "the medical data. . ., any other objective indications of the degree of pain, and subjective accounts of the severity of the claimant's pain", the ALJ should consider such factors as "a claimant's persistent attempts to find relief for h[er] pain and h[er] willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, . . . the possibility that psychological disorders combine with physical problems. . .  the claimant's daily activities, and the dosage, effectiveness, and side effects of medication." *Luna v. Bowen*, 834 F.2d 161, 163-66 (10th Cir. 1987); 20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ found that Plaintiff "denied any pain relief from her medications, but admittedly still takes them all, with no side effects of significance", that she "denied any activity other than laying down all day", and that Plaintiff's "self-assessment was for standing 20 minutes, walking 1 block, lifting 8 pounds, and sitting 20 minutes." (Tr. 23.) The ALJ found that her complaints were exaggerated and not credible. The ALJ also noted as grounds for his credibility finding that Plaintiff "has required no intensive pain regimen or therapy, and there is no psychogenic etiology for purported pain either." (*Id.* 24.) Further, he found that "there are no medical side effects and mental status is benign and fully compatible with competitive remunerative work", that Plaintiff admitted at the hearing that her psychotropic medications usually

help, that Plaintiff's "work history is poor and she has little motivation to enter the competitive workforce" and that there is no evidence of a cognitive pain disorder.  (*Id.*) He concluded with respect to the period at issue that "there has been no lasting exhibition of sustained symptoms or objective pathology consistent with greater limitations than found herein."  (*Id.*)

I find no error with the ALJ's credibility analysis.  He applied the appropriate legal test and discussed the pertinent factors in conjunction with his analysis of Plaintiff's subjective complaints in her testimony.  Further, he set forth the specific evidence that he relied upon in evaluating Plaintiff's credibility.  *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2002) (finding an ALJ properly rejected a claimant's subjective statements where he identified the specific evidence relied upon in evaluating credibility, and that a "formalistic factor-by-factor recitation of the evidence" is not required).  Accordingly, his credibility finding is supported by substantial evidence and must be affirmed.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that this case is **AFFIRMED**, and the case is **TERMINATED**.

Dated March 25, 2013

                                             BY THE COURT:

                                             s/ Wiley Y. Daniel
                                             Wiley Y. Daniel
                                             Senior United States District Judge